UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH BRANDAU, | |
|     Plaintiff, | Case No. 2:05-CV-0048-KJD-PAL |
| v. | |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation, | **ORDER** |
|     Defendant. | |

    Presently before the Court is Defendant American Family Mutual Insurance Company's ("American Family") Motion for Partial Summary Judgment (#26). Plaintiff filed a response in opposition (#33) to which Defendant replied (#44). Defendant seeks summary judgment on Plaintiff's claims for breach of the implied covenant of good faith and fair dealing and punitive damages.

**I. Background**

    On January 15, 2004, Kenneth Brandau was involved in a serious motor vehicle accident when his truck collided with another vehicle operated by a driver who was driving under the influence and made an illegal left hand turn in front of him. Brandau reported the accident to his insurer, American Family the following day. Brandau began receiving medical treatment for his injuries, but the pain in his back persisted and he decided to see an

orthopaedic surgeon, who recommended that he undergo a lumbar reconstruction and fusion. The surgery expense was estimated at $159,000. Brandau has not gone through with the surgery and according to his own doctor, Dr. Grover, it is questionable that he will ever have the surgery.

On June 25, 2004, Brandau served a time sensitive settlement demand on the adverse liability carrier, State Farm, seeking tender of its policy limits of $50,000. State Farm eventually paid the full $50,000 to the Plaintiff.

American Family sent several requests to Brandau asking him to provide medical authorization so that they could access his medical records. On June 28, 2004, Brandau faxed the medical authorization to American Family. On July 9, 2004, Brandau submitted a demand for Underinsured Motorist Coverage ("UIM") in the amount of $100,000, the policy limit. On August 11, 2004, American Family replied to Brandau's demand for the policy limit by requesting more information from Brandau, including another signed medical authorization. American Family sent requests for Brandau's medical records to his medical providers on August 20, 2004. On December 3, 2004, Kenneth Brandau sued American Family for (1) breach of contract, (2) unfair claims practices, and (3) bad faith. Mr. Brandau also seeks punitive damages.

**II. Standard for Summary Judgment**

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See

Matshushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

      All justifiable inferences must be viewed in the light most favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy." O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

      Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

**III. Analysis**

    A. Implied Covenant of Good Faith

      "An insurer fails to act in good faith when it refuses 'without proper cause' to compensate the insured for a loss covered by the policy." Pemberton v. Farmers Ins. Exch.,

858 P.2d 380, 382 (Nev. 1993) (quoting United States Fid. & Guar. Co. v. Peterson, 540 P.2d 1070, 1071 (Nev. 1975)).  Such conduct is a breach of the covenant of good faith and fair dealing, and constitutes bad faith. Id.  "To establish a prima facie case of bad-faith refusal to pay an insurance claim, the plaintiff must establish that the insurer had no reasonable basis for disputing coverage, and that the insurer knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage." Powers v. United Servs. Auto. Ass'n, 962 P.2d 596, 604 (Nev.1998).

  With respect to Plaintiff's bad faith claim, Plaintiff has not raised a genuine issue of material fact that Defendant had no reasonable basis for disputing coverage and that Defendant knew or recklessly disregarded the fact that there was no reasonable basis for disputing the claim.  Plaintiff's only evidence submitted to Defendant to support his claim for the policy limit of $100,000 is a short letter from Dr. Grover claiming that Plaintiff is a suitable candidate for back surgery with a total cost of $159,000.  Plaintiff has not provided enough evidence to prove the extent of the damages arising from the accident.  The fact that Plaintiff has not had the surgery and Dr. Grover's testimony that Plaintiff might not even go through with the surgery places doubt on the amount of damages caused by the accident.  Plaintiff's prior history of accidents and medical treatments would constitute a proper cause for disputing his claim. Nevada law provides for an insurance company to conduct an investigation before paying the policy limit. See Nev. Rev. Stat. § 686A.310.  These investigations are conducted to determine whether the injury is causally related to the accident in question and the extent of the damages.  Plaintiff has not shown any evidence that proves Defendant acted in bad faith by refusing to pay the policy limits.  Therefore, Plaintiff has not set forth specific facts demonstrating a genuine factual issue for trial.

  B. Punitive Damages

  To recover punitive damages on a bad faith claim, the plaintiff must show "oppression, fraud, or malice, express or implied." United Fire Ins. Co. v. McClelland, 780

4

P.2d 193, 198 (Nev.1989) (quoting Nev. Rev. Stat. § 42.005). Malice is most commonly defined as conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights or safety of others. See Nev. Rev. Stat. § 42.005(1). Plaintiff has not produced clear and convincing evidence of implied malice. See id. Plaintiff argues that the length of time the investigation took is evidence of implied malice; however, Plaintiff is responsible for some of the delay in the investigation by failing to fully disclose information necessary to the investigation of American Family. Any delay in the investigation of a claim might be evidence of a statutory violation, but in this case, it does not rise to the level of conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights or safety of others. Therefore, the Court grants Defendant's motion for summary judgment on this issue.

**IV.  Conclusion**

Accordingly, IT IS HEREBY ORDERED that Defendant American Family's Motion for Partial Summary Judgment (#26) is **GRANTED.**

DATED this 12th day of June 2006.

_____
Kent J. Dawson
United States District Judge

5